Matter of DLocal Sec. Litig.

2026 NY Slip Op 02335

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of DLocal Securities Litigation

v

Joseph Zappia et al., Plaintiffs-Appellants,

DLocal Limited et al., Defendants-Respondents, Sebastian Kanovich et al., Defendants.

Decided and Entered: April 16, 2026

Index No. 151778/23|Appeal No. 6400|Case No. 2025-02564|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

The Rosen Law Firm, P.A., New York (Joshua Baker of counsel), appellants.

Davis Polk & Wardwell LLP, New York (Antonio J. Perez-Marques of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Andrea Masley, J.), entered March 21, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants dLocal Limited, Colleen A. DeVries, Cogency Global Inc., J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Citi Global Markets, Inc., Morgan Stanley & Co. LLC, BofA Securities, Inc., HSBC Securities (USA) Inc., and UBS Securities LLC to dismiss the complaint as against them, unanimously affirmed, with costs.

Supreme Court properly dismissed the claim brought under section 11 of the Securities Act of 1933 (15 USC § 77k), which was based on alleged violations of Items 105 and 303 of Regulation S-K (17 CFR 229.105[a], 229.303[b][2][ii]), as well as the claim brought under Securities Act § 15 (15 USC § 77o; see CPLR 3211[a][1], [a][7]). Although claims for violations of Securities Act §§ 11 and 15 are not subject to the heightened pleading standards of CPLR 3016(b), a plaintiff must plead facts from which one could reasonably infer that defendants had actual knowledge of the trend or risk (see Schwartz v Genfit, S.A., 212 AD3d 96, 99 [1st Dept 2022]; Kohl v Loma Negra Cia. Indus. Argentina S.A., 195 AD3d 414, 417 [1st Dept 2021]; In re HEXO Corp. Sec. Litig., 524 F Supp 3d 283, 302 [SD NY 2021]).

As to the alleged violations of Item 105, plaintiffs fail to show that defendants had actual knowledge of a risk arising from a decline in "take rates" (that is, margins). The disclosed numbers in the prospectus of dLocal, the registrant, show continued increases in the total payment volume (TPV) monies collected, revenue, and gross profits. Moreover, the consolidated amended complaint, alleging additional numbers that dLocal allegedly disclosed to the SEC, shows the same growth in TPV, revenue, and profits, both before and after dLocal's June 2021 initial public offering. Plaintiffs do not challenge the accuracy of any released figures. Thus, the record does not support plaintiffs' allegation that defendants actually knew of a take rate decline that would make plaintiffs' investment "speculative or risky" (17 CFR 229.105[a]; see Matter of Sundial Growers, Inc. Sec. Litig., 67 Misc 3d 1217[A], *6 [Sup Ct, NY County 2020], affd 191 AD3d 543, 544 [1st Dept 2021]; In re HEXO Corp. Sec. Litig., 524 F Supp 3d at 302).

[*2]

Plaintiffs' reliance on Item 303 fares no better. The duty to disclose arises when a trend or uncertainty is presently known and reasonably likely to have material effects on the registrant's financial condition (Panther Partners Inc. v Ikanos Communications, Inc., 681 F3d 114, 120 [2d Cir 2012]; see also Stadnick v Vivint Solar, Inc., 861 F3d 31, 39 [2d Cir 2017]). The prospectus informed investors that dLocal had been transitioning its largest customers from cross-border to more local-to-local payments, that cross-border payments brought more revenue per transaction, and that the vast majority of its growth potential (86% of the market) was in local-to-local payments. Thus, the prospectus emphasized the goal of increasing the overall volume of payment services —that is, TPV. The prospectus also disclosed the amount of money collected from payments rather than simply stating the number of transactions.

Although the prospectus did not include quarterly TPV numbers for the second, third, and fourth quarters of 2020, plaintiffs nonetheless alleged that those numbers increased, as shown in a table set forth in the complaint, and that the take rates for the second and third quarters of 2020 were higher than the first quarter 2020, with lower rates in the next two quarters. This limited amount of data, showing only a few months, does not constitute a known material trend that existed at the time of the offering (City of Warwick Mun. Empls. Pension Fund v Restaurant Brands Intl. Inc., 210 AD3d 461, 462-463 [1st Dept 2022], lv denied 39 NY3d 909 [2023]).

We also reject plaintiffs' contention that dLocal management considered take rates to be a material performance metric, as discussed at quarterly sales calls after the IPO occurred. The actual statements made on the earnings calls do not support this allegation (Matter of NIO Inc. Sec. Litig., 211 AD3d 464, 465 [1st Dept 2022]).

In any event, under the alleged facts, even if a decline in the take rate were a known trend, the consistent increase in TPV collections, revenue, and gross profits shows that the take rate decline, attributable to the disclosed transition to more local-to-local business, is "so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance" (Litwin v Blackstone Group, L.P., 634 F3d 706, 717 [2d Cir 2011], quoting Ganino v Citizens Utils. Co., 228 F3d 154, 162 [2d Cir 2000]). In other words, the release of TPV rates for additional quarters would not significantly alter the "total mix of information made available" showing steadily increasing profits (Litwin, 634 F3d at 717 [internal quotation marks omitted]).

Because plaintiffs do not state a claim for § 11 liability, the Securities Act § 15 claim for controlling person liability cannot be sustained (Matter of NIO Inc. Sec. Litig., 211 AD3d at 466).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026